**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JEFF MEDLEY,**

      **Petitioner,**

      **v.**                               **CIVIL ACTION NO. 3:14cv69**
                                                     **(Judge Groh)**

**Warden R.A. Perdue**

      **Respondent.**

## REPORT AND RECOMMENDATION

## I.      BACKGROUND

On June 30, 2014 the *pro se* petitioner, Jeff Medley (hereinafter Medley), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Medley is a federal inmate housed at FCI Gilmer and is challenging the validity of a sentence imposed on him in the United States District Court for the Eastern District of Tennessee. This matter is pending before the undersigned for an initial review and Report and Recommendation.

## II.      FACTS[1]

**A.      Sentencing and Conviction**

On August 29, 2001, a grand jury in the United States District Court for the Eastern District of Tennessee, returned an indictment charging Medley with four counts involving a controlled substance and one count of the unlawful transportation of firearms. (Doc. No. 2) On November 19, 2001, a plea agreement was filed but was withdrawn on February 28, 2002. (Doc. No. 15 and 19). A superseding indictment was filed on April 9, 2002, charging Medley with five

---

[1] The facts are taken from Medley's Criminal Docket for Case No. 4:01-cr-00041-CLC-WBC available on PACER. Docket entries in this section refer to said criminal docket.

counts involving a controlled substance and one count of unlawful transportation of firearms. (Doc. No. 25). On June 27, 2002, Medley plead guilty to the following: (1) conspiracy to manufacture and distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); (2) possession of equipment, chemicals and products used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6); and (3) attempt to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846(b)(1)(C). (Doc. 38). On November 4, 2002, he was sentenced as a career offender to concurrent terms of imprisonment of 225 months, for a total effective sentence of 225 months. (Doc. 44).

In response to this judgment, Medley filed a Notice of Appeal on November 8, 2002. (Doc. No. 43). In his appeal, Medley argued that the district court improperly considered his prior escape conviction as a crime of violence under USSG § 4B1.2 when it sentenced him as a career offender under the guidelines. On December 12, 2003, the Sixth Circuit Court of Appeals affirmed Medley's judgment of conviction and sentence. *U.S. v. Medley*, 85 Fed.Appx. 410 (6th Cir. 2003)[2]; (*See* Doc. No. 50).

On April 15, 2005, Medley filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 51). In  support of his § 2255 motion, Medley alleged he received ineffective assistance of counsel.  Medley claimed his attorney allowed the sentencing judge to modify a state court judgment from a conviction for a non-violent crime of escape, to a conviction for a crime of violence, for the purpose of imposing an enhanced sentence.[3] On May 18, 2005, The United States District Court for the Eastern District of Tennessee denied the § 2255 motion for failure to establish that his counsel's assistance was ineffective. (Doc. No. 52; *See* Doc. No. 52-1).

---

[2] According to the opinion, Medley pled guilty to the charges in June, 2002. The criminal docket is sealed but seems to suggest that Medley withdrew his plea.
[3] *See* Doc. 5, Case 4:05-cv-00027, filed May 18, 2005.

On May 11, 2007, Medley filed a second 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. No. 53). On July 17, 2007, the Motion was transferred to the Sixth Circuit Court of Appeals to consider whether to authorize the second or successive motion, and on March 28, 2008, the Court of Appeals denied the authorization. (Doc. No. 58 & 60).

## III.  ISSUES PRESENTED

In his pending §2241 motion, Medley seeks "traditional habeas relief vacating the conviction of Career Offender derived from 21 USC § 851." (Doc. 1, p. 7).  Medley again argues that he was unlawfully sentenced as a career offender based on an escape which did not qualify as a violent felony.

To support this claim, Medley relies on the United States Supreme Court's 2013 ruling that California's burglary statute was not a divisible statute, meaning courts were not free to look at the facts behind the convictions and make a determination as to whether it is a violent crime. Descamps v. United States, 133 S. Ct. 2276, 2281-82 (2013). More specifically, the Court found that when a statute is not divisible between violent and nonviolent crimes, the reviewing court must simply use the categorical approach to determine whether the conviction qualifies for the Armed Career Criminal Act. (Id. at 2286).  In Descamps, the Court found that California's burglary statute was too broad to fit the normal or traditional definition of burglary and therefore, could not qualify as an offense under the Armed Career Criminal Act. (Id. at 2285-86).

Medley claims that he "currently has an unlawful sentence being executed against him for increased punishment imposed under 21 USC §851 which enabled Career Offender conviction and sentence pursuant to USSG §4B1.2 based upon putative predicate of escape

3

being, per se, crime of violence under Harris at time, and no longer so under Chambers, requiring Descamp's rule directing MCA with Shepard's-review." (Doc. 1, p. 4).

## IV.     ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255.  A § 2241 petition is used to attack the manner in which a sentence is executed.  Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion.  The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255.  Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar[4], the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.
   The limitation period shall run from the last of:
   a.   The date on which the judgment of conviction becomes final;
   b.   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   c.   The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   d.   The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255.

demonstrate that the § 2255 remedy is inadequate of ineffective. *In re Vial*, 115 F. 3d 1192,

1194 (4th Cir. 1997). Moreover, in *Jones*, the Fourth Circuit held that:

> § 2255 is inadequate and ineffective to test the legality of a
> conviction when: (1) at the time of the conviction, settled law of
> this circuit or the Supreme Court established the legality of the
> conviction; (2) subsequent to the prisoner's direct appeal and first
> § 2255 motion, the substantive law changed such that the conduct
> of which the prisoner was convicted is deemed not to be criminal;
> and (3) the prisoner cannot satisfy the gate-keeping provisions of §
> 2255 because the new rule is not one of constitutional law[5].

*In Re Jones*, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, in order to raise his claims under § 2241, Medley must first establish that he

is entitled to review under § 2241 by meeting the *Jones* requirements[6]. Medley has not, and

cannot satisfy the *Jones* requirements. Even if he could satisfy the first and the third elements of

*Jones*, the crimes for which Medley was convicted remain criminal offenses, and therefore, he

cannot satisfy the second element of *Jones*. Moreover, to the extent Petitioner is challenging his

enhanced sentence as a career offender, such a challenge is not cognizable in a § 2241 action.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings

clause to petitioners who challenge only their sentences." Petty v. O'Brien, No. 1:11cv9, 2012

WL 509852 (N.D.W. Va. Feb. 15, 2012) (citing United States v. Poole, 531 F.3d 263, 267 n. 7

---

[5] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255
motion if the claim sought to be raised presents:
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be
sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant
guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,
that was previously unavailable.
    28 U.S.C. § 2255; *seeJones*, 226 F.3d at 330.
    [6] *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (In order to "open the portal" to a § 2241
proceeding, the petitioner must first show that he is entitled to the savings clause of § 2255. Once those narrow and
stringent requirements are met, the petitioner must then demonstrate actual innocence. Actual innocence means
factual innocence, not mere legal insufficiency.); *see also Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("A claim of
'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must
pass to have his otherwise barred constitutional claim considered on the merits."); Royal *v. Taylor*, 188 F. 3d 239,
243 (4th Cir. 1999) (federal habeas relief corrects constitutional errors). Thus, a freestanding claim of actual
innocence is not cognizable in federal habeas corpus and such claim should be dismissed.

(4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)(per curiam) (emphasis added) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender). Here, Petitioner cannot establish that the conduct for which he was actually convicted, distribution of marijuana and illegal possession of a firearm, is no longer criminal. *See* In re Jones, 226 F.3d at 334. Accordingly, he is not entitled to proceed under § 2241. *See, e.g.*, James v. Stansberry, No. 3:08-512, 2009 WL 320606, at *2 (E.D. Va. Feb. 9, 2009) (collecting cases): *See also* Cooper v.Warden FCI Williamsburg, No. 4:10-2402, 2010 WL 6297767, at *3 (D.S.C. Dec. 1, 2010) ("Petitioner's action seeking a determination that he is actually innocent of a[n] [ACCA] sentence enhancement fails to state a cognizable § 2241 claim.").

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that Petitioner has failed to state a cognizable § 2241 claim. *See also* Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v, v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the

type of argument that courts have recognized may warrant review under § 2241.'"); <u>Boynes v. Berkebile</u>, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

## V.    RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petition be **DENIED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985);  *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to counsel of record via electronic means.

DATED:  7-10-2014

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE