**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JEFF MEDLEY,**

        Petitioner,

**v.**                                  **CIVIL ACTION NO. 3:14-CV-69
(JUDGE GROH)**

**R.A. PERDUE, Warden,**

        Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of a proposed report and recommendation. On July 10, 2014, Magistrate Judge Trumble conducted an initial review and filed his report and recommendation [Doc. 6]. In that filing, he recommended that this Court deny and dismiss with prejudice Petitioner's 28 U.S.C. § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the

findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of de novo review and the petitioner's right to appeal this Court's Order.  28 U.S.C.        § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Trumble's report and recommendation were due within fourteen (14) days after being served with a copy of the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  Petitioner was served with the report and recommendation on July 15, 2014.  Petitioner timely filed his objections on July 28, 2014.   Accordingly, this Court will undertake a de novo review of those portions of Magistrate Judge Trumble's findings to which objection is made.  This Court will review the remainder of the report and recommendation for clear error.

## I.  Background

### A.  Factual Background

On August 29, 2001, a grand jury in the United States District Court for the Eastern District of Tennessee returned an indictment charging Petitioner with four counts involving a controlled substance and one count of unlawful transportation of firearms.  On November 19, 2001, a plea agreement was filed, but was later withdrawn on February 28, 2002.  On April 9, 2002, a superseding indictment was filed charging Petitioner with five counts involving a controlled substance and one count of unlawful transportation of firearms.

On June 27, 2002, Petitioner pled guilty to the following charges: (1) conspiracy

to manufacture and distribute more than fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); (2) possession of equipment, chemicals, and products used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6); and (3) attempt to manufacture methamphetamine, in violation of 21 U.S.C. § 846(b)(1)(C).  On November 4, 2002, Petitioner was sentenced as a career offender to 225 months of imprisonment.

On November 8, 2002, Petitioner filed a Notice of Appeal.  In his appeal, Petitioner argued that the district court improperly considered his prior escape conviction as a crime of violence under United States Sentencing Guideline § 4B1.2. On December 12, 2003, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's judgment of conviction and sentence.  The court reasoned that Petitioner's 1985 escape conviction was properly considered a crime of violence because it "otherwise involves conduct that presents a serious potential risk of injury to another." United States v. Medley, 85 F. App'x 410, 411 (6th Cir. 2003).

On April 15, 2005, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  In support of his § 2255 motion, Petitioner argued that he received ineffective assistance of counsel because his counsel did not object to the district court using Petitioner's 1985 escape conviction as a crime of violence at sentencing.  On May 18, 2005, the United States District Court for the Eastern District of Tennessee denied Petitioner's § 2255 motion for failure to establish that his counsel's assistance was ineffective.

On May 11, 2007, Petitioner filed a second motion to vacate, set aside, or correct

3

his sentence pursuant to 28 U.S.C. §2255.  On July 17, 2007, Petitioner's motion was transferred to the United States Court of Appeals for the Sixth Circuit to determine whether it should authorize Petitioner's second or successive motion.  On March 28, 2008, the court denied the authorization.

### B. Procedural History

On June 30, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Also on June 30, 2014, the Clerk's Office for the United States District Court for the Northern District of West Virginia mailed Petitioner a "Notice of Deficient Pleading."  On July 10, 2014, Magistrate Judge Trumble completed an initial review of Petitioner's petition and entered a report and recommendation.  On July 28, 2014, Petitioner filed his objection to the report and recommendation.  Therefore, this matter is ripe for the Court's review.

### II. Discussion

After reviewing the content of Petitioner's objection, Petitioner objects to Magistrate Judge Trumble's report and recommendation on the basis that Petitioner satisfies § 2255's savings clause.

A petition filed under 28 U.S.C. § 2241 must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence.  Relief under 28 U.S.C. § 2241 is permitted for actions involving the computation of credit for pretrial detention, good time, and those seeking to shorten court-ordered sentences that are administered by prison officials.  See Reno v. Koray, 515 U.S. 50, 52-55, n.1 (1995).  On the other hand, a motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack

upon the imposition of a prisoner's sentence.

The terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241. However, there is a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 if he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, Petitioner is challenging his sentence. However, he has failed to meet the three requirements of the savings clause. Even if Petitioner could satisfy the first and third requirements, Petitioner cannot satisfy the second element as the crimes for which Petitioner was convicted of–distribution of marijuana and illegal possession of

5

a firearm--remain criminal offenses.

### III. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's report and recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, Petitioner's Objections are **OVERRULED**. It is further ordered that Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: August 18, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE