**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JEFF MEDLEY,**
        **Petitioner,**

**v.**                                    **CIVIL ACTION NO. 3:14-CV-69
(GROH)**

**R.A. PERDUE, Warden,**
        **Respondent.**

**THIRD AMENDED REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On June 30, 2014, the *pro se* petitioner, Jeff Medley (hereinafter "Medley" or "Petitioner"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1[1]. At that time Medley was a federal inmate housed at FCI Gilmer who challenged his conviction and sentence imposed in the United States District Court for the Eastern District of Tennessee. The undersigned prepared and filed a Report and Recommendation which recommended denial of the relief sought. ECF No. 6. The district court adopted the Report and Recommendation by Order entered August 18, 2014. ECF No. 10. Petitioner appealed the district court order to the Fourth Circuit Court of Appeals. ECF Nos. 12, 15. The United States Court of Appeals for the Fourth Circuit remanded this matter, following its decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). On June 3, 2019, the undersigned prepared and filed an Amended Report and Recommendation which recommended denial of the relief sought because Petitioner was no longer in custody.

---

[1] ECF Numbers cited herein refer to case number 3:14-CV-69 unless otherwise noted.

ECF No. 32. On August 7, 2019, the district court entered an order declining to adopt the Amended Report and Recommendation because Petitioner had been taken back into federal custody following the issuance of the Amended Report and Recommendation. ECF No. 41. Subsequently, on November 7, 2019, Petitioner filed a motion to expedite his case. ECF No. 46. This matter is pending before the undersigned for a further amended review and Report and Recommendation.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Sentencing and Conviction[2]

On August 29, 2001, a grand jury in the United States District Court for the Eastern District of Tennessee, returned an indictment charging Medley with four counts involving a controlled substance and one count of the unlawful transportation of firearms. ECF No. 2. On November 19, 2001, a plea agreement was filed but was withdrawn on February 28, 2002. ECF Nos. 15, 19. A superseding indictment was filed on April 9, 2002, charging Medley with five counts involving a controlled substance and one count of unlawful transportation of firearms. ECF No. 25. On June 27, 2002, Medley pled guilty to the following: (1) conspiracy to manufacture and distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B); (2) possession of equipment, chemicals and products used in the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6); and (3) attempt to manufacture methamphetamine, in

---

[2] The facts in Section II.A. are taken from Petitioner's criminal case from the Eastern District of Tennessee, case number 4:01-cr-00041, available on PACER. Docket entries in this section refer to said criminal docket. Additional facts are taken from the opinion of the United States Court of Appeals for the Sixth Circuit in U.S. v. Medley, 85 Fed.Appx. 410 (2003). Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may property take judicial notice of public record"); Colonial Penns. Ins. Co. v. Coil, 867 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records'").

violation of 21 U.S.C. §§ 846(b)(1)(C). ECF No. 38. On October 28, 2002, he was sentenced, under the then-mandatory United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"), as a career offender[3] to concurrent terms of imprisonment of 225 months, for a total effective sentence of 225 months. ECF Nos. 41, 42.

In response to this judgment, Medley filed a Notice of Appeal on November 8, 2002. ECF No. 44. In his appeal, Medley argued that the district court improperly considered his prior escape conviction as a crime of violence under USSG § 4B1.2 when it sentenced him as a career offender under the Guidelines. U.S. v. Medley, 85 Fed.Appx. 410 (6th Cir. 2003). On December 12, 2003, the Sixth Circuit Court of Appeals affirmed Medley's judgment of conviction and sentence, holding that "the district court properly considered [Medley's] 1985 escape as a crime of violence." Id., ECF No. 50.

On April 14, 2005, Medley filed a 28 U.S.C. § 2255 Motion[4] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 51. His sole claim in his § 2255 motion was that he received ineffective assistance of counsel when his counsel failed to object to the enhancement of his sentence under U.S.S.G. § 4B1.1, based on Petitioner's prior conviction for a crime of violence. Id. at 3. On May 18, 2005, the Court denied Petitioner's § 2255 motion for failure to establish that his counsel's assistance was ineffective. ECF Nos. 52, 52-1. The court found that "Medley's attorney did in fact object

---

[3] Pursuant to U.S.S.G. § 4B1.1(a), "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The term "crime of violence" is defined by U.S.S.G. § 4B1.2(a) to mean "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

[4] This motion was also docketed in 4:05-CV-28 in the Eastern District of Tennessee.

3

to the court's use of the escape conviction as a predicate offense; counsel argued that the escape was not a crime of violence." ECF No. 52-1 at 3. The Court concluded that, "Medley's § 2255 motion is, in fact, an attempt to raise for a second time, an issue that was decided against him on direct appeal." Id.

On May 11, 2007, Medley filed a second 28 U.S.C. § 2255 Motion[5] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and a memorandum in support thereof. ECF Nos. 53, 54. In this second § 2255 motion, Petitioner alleged he was unlawfully detained, pursuant to unconstitutional statutes. Id. at 3. On July 17, 2007, the Motion was transferred to the Sixth Circuit Court of Appeals to consider whether to authorize the second or successive motion, and on March 26, 2008, the Court of Appeals denied the authorization. ECF Nos. 58, 60.

Petitioner next filed the instant § 2241 proceeding on June 30, 2014, as more fully described in Section B. below. On September 17, 2015, while the appeal to the Fourth Circuit of the initial disposition of the instant petition was pending, Petitioner simultaneously sought relief by filing with the Sixth Circuit Court of Appeals, a motion for authorization to file a second or successive § 2255 motion. ECF No. 68. On March 28, 2016, the Sixth Circuit Court of Appeals granted Petitioner authorization to pursue a second or successive motion to vacate his sentence. ECF No. 69. Petitioner then filed with the district court a successive motion[6] to vacate on April 11, 2016. ECF No. 70. Therein, he argued that his prior conviction for escape was no longer a proper predicate offense for the purpose of enhancing his sentence under the Guidelines. Id. at 4. On

---

[5] This motion was also docketed in 4:07-CV-20 in the Eastern District of Tennessee.

[6] This motion was also docketed in 4165-CV-31 in the Eastern District of Tennessee.

4

December 7, 2016, the district court denied the successive motion to vacate. ECF Nos. 81, 82. The district court found that a "[r]eview of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the [invalidated] residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief." ECF No. 81 at 6. The court concluded that, "[b]ecause Petitioner has at least three prior convictions[7] that qualify as predicate crimes [ ] independent of the [invalidated] residual provision," he was not entitled to the requested collateral relief." Id. at 7.

On or about May 12, 2017, Petitioner was released from incarceration. ECF No. 83. Following his release, on January 7, 2019, a warrant was issued for Petitioner's arrest on a petition to revoke his supervised release. Id. Petitioner's supervised release was revoked by agreement of the parties by order entered September 18, 2019, and Petitioner was sentenced to ten months of incarceration followed by five years of supervised release. ECF No. 91.

B. **Instant § 2241 Petition**

At the time Petitioner filed his pending §2241 motion, he was incarcerated at FCI Gilmer, in Glenville, West Virginia. ECF No. 1. Petitioner is now incarcerated at FCI Butner, in Butner, North Carolina. ECF No. 48.

In his petition, Medley asserts that he seeks "traditional habeas relief vacating the conviction of Career Offender derived from 21 USC § 851." ECF No. 1 at 7. Medley

---

[7] Those offenses included a 1982 robbery conviction, two 1984 convictions for selling marijuana, and a 1985 escape conviction. ECF No. 81 at 2, citing Presentence Investigation Report ("PSR") at ¶¶ 63, 67, 68, 69. While the undersigned does not have access to the PSR, an undocketed sealed document filed on September 26, 2003, in its memorandum opinion [ECF No. 81] denying Petitioner's motion to vacate, the District Court for the Eastern District of Tennessee specifically cited to the applicable paragraphs of the PSR, and the undersigned relies upon the findings of that court.

argues that he was unlawfully sentenced as a career offender based on an escape which did not qualify as a violent felony. Id. at 4. Further, Petitioner concedes that his sole ground for relief "has been presented to the district court of original jurisdiction and the Court of Appeals for the Sixth Circuit, to no avail of consideration on the merits concerning newly discovered evidence, or Descamps invocation." Id. at 6.

A Report and Recommendation was filed on July 10, 2014. ECF No. 6. The district court adopted the Report and Recommendation on August 10, 2014. ECF No. 10. Following Petitioner's appeal to the Court of Appeals for the Fourth Circuit in that Court's docket number 14-7243 [ECF Nos. 15, 24, 25], on February 8, 2019, the Fourth Circuit vacated the district court's order adopting the Report and Recommendation and remanded the case for consideration based on its recent decisions in United States v. Wheeler, 886 F.3d 415, 426 (4th Cir. 2018), and Lester v. Flournoy, 909 F.3d, 713-14 (4th Cir. 2018). ECF No. 24 at 2. The mandate for that decision issued on April 2, 2019. ECF No. 26.

### III. LEGAL STANDARD

#### A. Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable

merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### B.   Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their

---

[8] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[9] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[10] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence. See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

---

[9] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:
    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[10] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

>(1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
>(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
>(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

>(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
>(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
>(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
>(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.

The savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255. Thus, the fact that Petitioner's prior section 2255 motions were denied does not make section 2255 inadequate or ineffective to test the legality of his detention and, standing alone, will not permit this court to review his claim under section 2241.

### C. Controlling Circuit Law

It is the law of the Supreme Court and the petitioner's circuit of conviction and

sentencing, the Sixth Circuit, that control the petitioner's claim. See Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, [ ] we look to the substantive law of the circuit where a defendant was convicted."); *see also,* Van Hoorelbeke v. United States, 2010 WL 146289, at *4 (D.S.C. Jan, 8, 2010) (citing Chaney v. O'Brien, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007) (holding that, in applying the second prong of the *Jones* test, "the substantive law relevant to a § 2241 petition is that of the circuit in which the petitioner was convicted"), *aff'd* 241 Fed. Appx. 977 (4th Cir. 2007); Eames v. Jones, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011) (finding the law of the circuit of conviction should apply to § 2241 proceedings held in a different circuit to ensure that "similarly situated prisoners—perhaps even co-defendants convicted of the exact same crimes—[are not] treated differently because of their location of confinement.").

As explained by the Chaney court, and affirmed by the Fourth Circuit, "applying the substantive law of the place of confinement . . . would base the choice of law decision on the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." 2007 WL 1189641 at *3 (quoting Zuniga v. Gilkey, 242 F.Supp.2d 549, 554 (S.D.Ill. 2001).

Using these criteria, the undersigned will proceed to address each of Petitioner's grounds for relief under the procedural standard set by the Fourth Circuit to determine whether he meets the savings clause with respect to each claim, and will address any substantive issues under the law of the Sixth Circuit, where Petitioner was convicted.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging

the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims. See Wheeler, 886 F.3d at 423–26.

## IV. ANALYSIS

### A. Petitioner's Challenge to His Conviction

In Petitioner's challenge to his conviction, § 2241 relief is unavailable. Even if Petitioner could satisfy the first and third prongs of the Jones test, he cannot meet the requirements of the second prong of Jones.

The second prong of the Jones test requires that "subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333 – 34.

Petitioner cannot meet the second prong of the Jones test because the federal crimes for which he was convicted—conspiracy to manufacture a controlled substance, aiding and abetting the manufacture of a controlled substance, and manufacture of a controlled substance—remain criminal offenses. Accordingly, to the extent Petitioner raises a challenge to the validity of his convictions, he fails to satisfy the § 2255(e) savings clause for the Court to hear any such challenge to his convictions on the merits.

### B. Petitioner's Challenge to His Sentence

Petitioner claims that his sentence is unlawful because he was designated as a career offender under the United States Sentencing Guidelines §§ 4B1.1 and 4B1.2, based on the predicate offense of felony escape from the Warren County, Tennessee Courthouse. ECF Nos. 1 at 4, 1-2.

To the extent that Petitioner relies on United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), to seek relief under the savings clause of 28 U.S.C. § 2255(e), his request is without merit. In order for Petitioner to successfully challenge his sentence and obtain relief under § 2241, he must satisfy all four prongs of the Wheeler test. However, Petitioner fails to meet the second prong of the Wheeler test, which prong has two clauses. First, the substantive law must change, and second, that change must be deemed to apply retroactively on collateral review. The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

Petitioner alleges that the substantive law has changed through the ruling of the Supreme Court in Chambers v. United States, 555 U.S. 122 (2009) (holding that Illinois' failure to report crime was not a violent felony under the Armed Career Criminal Act ("ACCA")[11]), although that case was abrogated by Johnson v. United States, 135 S.Ct. 2551 (2015); United States v. Clair, 2017 WL 384078 (W.D.Va. Jan. 26, 2017) (Johnson overruling Chambers recognized). Further, the Sixth Circuit, citing to Chambers, has clearly held that walkaway escape is not a crime of violence. U.S. v. Ford, 560 F.3d 420, 423, 425 (2009).

However, Petitioner cannot demonstrate that the substantive change in the law, regarding enhancement of a sentence under the Guidelines based on a prior conviction for walkaway escape, is deemed to apply retroactively on collateral review. Petitioner fails to cite to, and the undersigned has been unable to locate any authority which suggests

---

[11] The Court notes that the language of the ACCA, 18 U.S.C. § 924(e)(1), related to violent felonies, is similar, but not identical, to the language of the U.S.S.G. § 4B1.1 related to crimes of violence. Further, the residual clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") of 18 U.S.C. § 924(e)(2)(B)(ii) was invalidated by the Supreme Court in Johnson v. United States, 135 S.Ct. 2551 (2015).

that this change in the law is retroactive on collateral review. Therefore, Petitioner cannot satisfy the second clause of the second prong of the Wheeler test, which requires that any change in the law be made retroactive to cases on collateral review. Because Petitioner cannot satisfy one prong of the mandatory four-part Wheeler test, it is unnecessary for this Court to consider the other three prongs.

Nonetheless, even if this Court were to consider Petitioner's claims on the merits, it is clear that his claims have already been raised, considered and rejected by the Eastern District of Tennessee in case number 4:01-CR-41, ECF Nos. 81, 82. There, the court of conviction determined that excluding his conviction for escape, Petitioner still had at least three qualifying predicate offenses for career offender enhancement of his sentence under U.S.S.G § 4B1.1.

Pursuant to 28 U.S.C. § 2244(a), a district court is not required to consider a habeas petition filed by an inmate challenging his federal custody on the same ground that the petitioner advanced in an earlier habeas petition and lost after a full and fair litigation of his claim. See 28 U.S.C. § 2244(a). In addition to applying to petitions filed pursuant to 28 U.S.C. § 2255, the rule also applies to petitions filed pursuant to 28 U.S.C. § 2241. See e.g., George v. Perill, 62 F.3d 333 (10th Cir. 1995); Glumb v. Honstead, 891 F.2d 872 (11th Cir. 1990); Sacco v. United States Parole Commission, 639 F.2d 441 (8th Cir. 1981).

The District Court for the Eastern District of Tennessee has, in that Court's case number 4:01-CR-41, denied Petitioner's request to vacate his career offender designation. Pursuant to 28 U.S.C. § 2244(a), this Court is not required to consider the instant habeas petition filed by Petitioner, because he is challenging his federal custody on the same ground that he advanced in an earlier habeas petition and lost after a full and fair litigation

of his claim.

In summary, because Petitioner cannot meet the second prong of the Jones test, he cannot satisfy the savings clause of § 2255(e) to challenge his conviction under § 2241. Similarly, because Petitioner fails to meet the second prong of the Wheeler test, he cannot satisfy the savings clause of § 2255(e) under Wheeler, to challenge his sentence under § 2241.

Moreover, Petitioner has already presented to another court the same issues which he presents here. Those claims were rejected on the merits by the court of conviction, and accordingly, this Court need not make any further determination of the matters presented herein.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

It is further **RECOMMENDED** that Petitioner's motion to expedite [ECF No. 46] be **TERMINATED** as **MOOT.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: November 26, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE